McLean, Justice,
delivered the opinion of the court. — This is a suit in chancery, brought by Potter, the appellant, from a decree of the circuit court in Rhode Island. The controversy arises out of the following decree of this court, between the same parties, in 1827, and reported in 12 Wheat. 498.
“On consideration whereof, this court is of opinion, that there is error in so much of the decree of the circuit court, as subjects Elisha R. Potter to the payment of a larger sum of money than now remains in his hands, of the original purchase-money, added to the sum he has applied to the payment of the debts of Ezekiel W. Gardner, after deducting therefrom the amount given for the estates purchased from Isabel Gardner; and in so much of the said decree as directs the said Elisha R. Potter to pay the sum he has applied to the debts of Ezekiel W. Gardner, and for which he, the said Ezekiel, is liable in the first instance, before he, the said Ezekiel, shall have failed to pay the same. It is, therefore, the opinion of the court, that so much of the said decree, contrary to this opinion, be reversed and annulled ; and that the same be, in all other respects, affirmed ; and the cause is remanded to the said circuit court, with directions to reform the said decree, according to this opinion; and to do all other things therein, as justice and equity may require. In taking an account between the *parties, which may be necessary to give effect to this decree, interest is to be computed according to law and usage.” *719]
The facts on which this decree was founded are substantially these : on the 20th of April 1819, Potter purchased from Ezekiel W. Gardner, a tract of land, called the Ferry farm, for which ho agreed to pay $15,000. Two-thirds of this tract of land was charged, by the last will of Peleg Gardner, with the payment of his debts. Ezekiel claimed under the will. By an agreement made at the time of the purchase, it seems, that Gardner was to remain in possession of the farm, until the 25th March 1822, at a rent of $900 per annum ; the consideration money to be paid when the lease expired; and if any part of it should be paid before that period, interest was to be allowed on the sum thus advanced. The rent stipulated to be paid Was in lieu of interest on the purchase-money, and to the same amount. It was the intention of the parties, that the one account should balance the other. The original bill was filed against Potter, in behalf of the creditors of Peleg Gardner, deceased, to secure an application of the purchase-money to the payment of their debts. As a part of the money had been paid by Potter, in discharge of debts due by Ezekiel W. Gardner, the court held, that this was a misapplication of so much of the fund ; and decreed that Potter should pay the same amount to the creditors of Peleg Gardner, if it could *463 not be recovered from Ezekiel; and also, the balance that remained due of the two-thirds of the purchase-money.
The cause being remanded to the circuit court, the decree was referred to a master, who made the following report: “ That the amount of debts due from the estate of the said Peleg Gardner, deceased, with the expeuses which have accrued on several of the claims, and the compensation of the commissioners on that estate, including the interest on the claims to the date of this report, is $11,887.92. That in ascertaining the amount of the several claims of the creditors, he computed the interest on those which had not been reduced to judgment, from the time the claims began to carry inteiest, up to the date of the report ; and on those which were reduced to judgments, from the judgments to the same period. *And he further r*_9„ reported, “ that the said Elisha R. Potter had paid, on account of the - purchase of that part of the Ferry farm devised to the said Ezekiel W. Gardner, in cash, the sum of $4318.64 ; which when deducted from the principal sum, liable to the payment of the debts of the said Peleg, left the sum of $5681.36. “And that the said Elisha R. Potter is liable, according to the principles of the decree and opinion of the supreme court, directly and immediately, to pay the sum of $3929.62 ; being so much of the purchase-money as remains in his hands, and being part of the before-named sum of $5681.36 ; and the residue of said sum, being $1751.74, the said Ezekiel Gardner is, according to the said decree, in like manner liable in the first instance to pay ; and in case of failure on his part to pay the same, the said Potter is required to pay the same, &c.” “ He calculated the simple interest on the before-named sum of $3929.62, from the 16th of Octobei 1820, the day when the summons, in this cause, was served on said Potter, to the date of the report, amounting to $2042.80 ; which, with the principal sum remaining in his hands, makes the sum of $5972.42, which sum the said Potter is liable to pay directly. And the simple interest on the before-named anm of $1751.74, which the said Ezekiel W. Gardner-is liable in the first instance to pay, from the 16th October 1820, to the date of the report, is $910.49 ; which, when added to the principal, amounts to the sum of $2668.23 ; and for the payment of this, the said Potter is liable, if it shall not be paid by the said Gardner. ”
Exceptions were taken to this report, but they were overruled by the circuit court, and a pro formé decree entered *against Potter, for payment of $5972.42, with interest on the same from the time the t report was made; and also for the payment of $2662.23, with interest from the same time; provided, that sum should not be paid by Ezekiel W. Gardner, or collected from him by execution. From this decree, Potter appealed, and relies for its reversal on the following exceptions : 1. That no allowance was made to him of said two-thirds of the rent of the Ferry estate ; which he alleges was received by said Ezekiel, towards payment of said estate. 2. That the claim of said Potter for $900, which he paid to said Ezekiel on the 21st of March 1821, was disallowed. 3. That interest is charged on said sum of $3929.62 ; when no interest ought to be allowed thereon. 4. That the sum of $5972.22, is reported to be due immediately and directly from said Potter; whereas, only $3929.62, being the amount of the security payable in mortgages, is due, either directly or ultimately. 5. That by said report, he is made, ultimately liable, on- failure of said *464 Ezekiel, to pay the sum of $8634.65 ; whereas, he ought not, in any event, to he liable for any more than said sum of $3929.62.
The rights and obligations of the parties being fixed by the decree which was formerly made by this court, it now only remains to carry into effect the principles of that decree. As the purchase-money was not to be paid by Potter until the 25th of March 1822, no interest should be charged against him prior to that time. But he objects to the payment of any interest, on the ground, that it was not in his power to pay the money and discharge his obligation, before the final decree in the case be made. The suit was px-oss , ecuted by the complainants, for the ^benefit of the creditors of Peleg -* Gardner, deceased; and although a question, as to their right to prosecute the suit, was raised by the defendant; yet it was in his power to discharge himself from the payment of interest, by bringing into court whatever balance he conceived to be due, and paying it over under the order of the court. On the balance thus paid over, interest could not have been charged. As this was not done, it appears, that the defendant below did not do all that was in his power to exempt himself from the charge of interest.
By the decree of this court, he is made eventually responsible for the sum stated in the master’s report, as having been paid by him to the creditoi’s of Ezekiel W. Gardner. For this sum he is liable to the creditors of Peleg Gardner, in the same manner as though it had never been paid, if it cannot bo recovered from Ezekiel. The interest on this sum, whether paid by Ezekiel W. Gardner or Pottex-, should only be chai’ged from the 25th March 1822.
It appears, that possession of the fax-m was retained two years by Ezekiel W. Gardner-, under the lease ; and then it was surrendered to the appellant. He paid to Gardner-, as he alleges, for the rent of the farm, or the intex-est on the purchase-money, for the thix-d year-, the sum of $900 ; and for two-thirds of this sum, he claims a credit. As interest is not charged against the appellant on the purchase-money, until the 25th March 1822, which was after the expiration of the lease; this sum, whether paid as interest or for x-ent, cannot be credited as so much paid on the principal, or in discharge of interest which subsequently accrued. To apply the credit, as contended fox-, would be coxxtx-ary to the intention of the pax-ties, at the time the payment was made; and against the justice of the case. The appellant having possession of the farm the third year of the lease, was bound in justice to pay the rent; which Gardner had agx-eed should be considered in his hands, as an off-set against the interest on the purchase-money. During the two years which Gardner occupied the farm, the rent was balanced by the interest; and of course, no credit can be claimed by the appellant, on that account. Under this construction of the fox-mer decree of this court, the appellant is *7^31 k°unci to pay the sum of $3929.62, *with intex-est from the 25th Max-ch ■* 1822 ; and he is also bound to pay, eventually, the sum of $1751.74, with intex-est from the same time ; if that amount cannot be collected from Ezekiel W. Gax-dner. And as the last decree of the circuit court is contrary to this opinion, it is reversed and annulled.
This cause came on to be heax-d, on the transcript of the record from the circuit coux-t of the United States for the district of Rhode Island, and was ax-gued by counsel: On considex-ation whereof, this court is of opinion, that *465 there is error in so much of the decree of the said circuit court as subjects Elisha R. Potter to the payment of interest from the 16th of October 1820, and that said decree be reversed and annulled : and this cause is remanded to the said circuit court, with directions to enter a decree that the said Elisha R. Potter pay into the registry of the circuit court, within thirty days from the next term of that court, the sum of $3929.62, with interest from the 25th of March 1822 — to be paid over to the complainants, or to the creditors of Peleg Gardner, under the directions of that court; and unless payment be made within thirty days, that the complainants have execution thereof : and that the said court also enter a decree, that Ezekiel W. Gardner do pay into the registry of the court, subject to its order, within thirty days as aforesaid, the sum of $1751.74, with interest from the 25th of March 1822, for which he is in the first instance liable, and the said Potter ultimately ; and in default thereof, that execution issue against the said Ezekiel; and if such execution shall be returned unsatisfied, then the amount shall be immediately paid into the registry aforesaid, by the said Potter; and on his failing to pay it, the circuit court are directed to award an execution against him for the same.